# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA HAVERLY-JOHNDRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 1:13-cv-00108-JDL |
| ) | |
| BATH & BODY WORKS, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON DEFENDANT'S MOTION TO EXCLUDE DOCUMENTS NOT TIMELY PRODUCED BY PLAINTIFF

Pending before the Court is Bath and Body Works, LLC ("BBW")'s Motion to Exclude Documents Not Timely Produced by Plaintiff (ECF No. 36). After careful consideration, I GRANT the motion.

## I. BACKGROUND

The central facts cited by BBW in support of its motion are not in dispute. On May 15, 2013, BBW served its first set of written discovery that included a request for the production of every "diary, journal, calendar, day planner, organizer, notebook, recording, or any other documentation, including electronic documents and emails" relating to Plaintiff Patricia Haverly-Johndro ("Haverly-Johndro")'s employment with BBW and her allegations in this proceeding. Exhibit 3 to Def.'s Mot. 8, ECF No. 36-4. After BBW agreed to extensions for Haverly-Johndro's response, she served her response on July 18, 2013, producing 141 pages of responsive documents, including some typed notes relating to her employment. At

1

her October 15, 2013 deposition, Haverly-Johndro testified that she had "retain[ed] a few notes" that she prepared during her employment with BBW in addition to those previously produced, and she represented that she would provide them. Exhibit 6 to Def.'s Mot. 2, ECF No. 36-7. She also testified that copies of any BBW documents in her possession had been provided to her attorney. *Id*. at 6.

On October 17, 2013, BBW verbally requested that Haverly-Johndro supplement her discovery responses. Def.'s Mot. to Exclude 4, ECF No. 36. This was followed by a written request on October 22, 2013. *Id*. Haverly-Johndro's counsel responded that the documents would be provided "next week," but no additional documents were produced. Exhibit 8 to Def.'s Mot. 1, ECF No. 36-9. After the discovery period formally closed on November 14, 2013, BBW requested the documents again in a written letter dated December 19, 2013. Exhibit 9 to Def.'s Mot. 3, ECF No. 36-10. No additional documents were produced.

BBW filed its summary judgment motion on January 24, 2014. On March 17, 2014, over four months after discovery closed and the same day BBW was scheduled to file its Reply in Support of its Motion for Summary Judgment, BBW's counsel received from Haverly-Johndro's counsel a letter that enclosed a compact disk containing 385 previously unproduced documents. The CD included hundreds of pages of handwritten notes that Haverly-Johndro prepared while she was employed by BBW, as well as BBW documents, Haverly-Johndro's personal text messages related to BBW, and copies of emails Haverly-Johndro received through her BBW email account.

The March 12, 2014 letter accompanying the CD stated that the documents were discovered by counsel while preparing Haverly-Johndro's opposition to BBW's motion for summary judgment. Although that opposition was filed on February 21, 2014, the CD was not mailed to BBW until three weeks later on March 12, 2013.

## II. DISCUSSION

In her memorandum of law in opposition to BBW's motion, Haverly-Johndro offered a limited explanation for her late production of the documents. She explained in a footnote that she "accepts responsibility for the late production of the documents; however there was no ulterior motive or 'cavalier explanation' for the late production." Pl.'s Resp. 1, ECF No. 37. She then explained that her production of discovery documents, deposition, and the preparation of her opposition to BBW's motion for summary judgment were separately handled by three different attorneys, "but avers that these documents were produced to counsel for Defendant within a few days of receipt." *Id.* In opposing BBW's motion, Haverly-Johndro also asserts that the motion is premature and should await trial for resolution, and that BBW has not shown that it was prejudiced by her late production of the documents. *Id.* at 2–3.

BBW's motion is not premature. If the requested relief is denied, discovery will need to be reopened so that BBW will have the opportunity to re-depose Haverly-Johndro. Absent the resolution of the motion now, the parties will have to prepare for trial without knowing whether the Court will ultimately exclude from evidence nearly 400 potential exhibits based on their untimely production.

In addition, and contrary to Haverly-Johndro's additional argument, BBW was prejudiced and judicial resources would be compromised by the late service of the documents. None of the documents were available to BBW when it took Haverly-Johndro's deposition, and then prepared its motion and the summary judgment record. Further, if the documents are not excluded as trial exhibits and discovery is reopened, the trial will be delayed and the expense of this litigation will be increased.

Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." As the First Circuit has recognized, "[t]he baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Santiago-Diaz v. Laboratorio Clinico y de Referencia del este*, 456 F.3d 272, 276 (1st Cir. 2006). Several factors apply in determining the sanction, including "the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects." *Id*. at 276-77.

The four *Santiago-Diaz* factors support the exclusion of the documents in this case. First, the history of the litigation reflects BBW's repeated attempts to remind Haverly-Johndro of her obligation to produce the documents that she failed to produce in her discovery responses, but acknowledged in her deposition testimony. Second, Haverly-Johndro's need for the documents is negligible as indicated by her

4

statement in her memorandum of law that "there are very few, if any, documents contained within that production that Plaintiff intends to use as a trial exhibit (nor would many of them be admissible in any event)[.]" Pl.'s Resp. at 2.  Third, the only justification offered for the late disclosure is that Haverly-Johndro failed to be attentive to her discovery obligations pursuant to the Federal Rules of Civil Procedure.  Finally, for reasons already explained, BBW will suffer adverse effects if the documents are not excluded.

For the foregoing reasons, BBW's Motion to Exclude Documents is **GRANTED**.  Haverly-Johndro is prohibited from relying on or referring to the documents in further proceedings in this case.

SO ORDERED.

DATED THIS 15th DAY OF JULY, 2014

/s/ Jon D. Levy
**JON D. LEVY**
**UNITED STATES DISTRICT JUDGE**